JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:22-cv-02263-SSS-SHKx | Date | November 6, 2024 |
|---|---|---|---|
| Title | *Charles N. Belssner v. Experian* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 66]**

The Court is in receipt of Plaintiff Charles Belssner's ("Belssner") Response to the Court's Order to Show Cause filed on September 26, 2024. [Dkt. 66]. The Court's Order to Show Cause ("OSC") held that Belssner's Complaint did not adequately allege that this Court had subject-matter jurisdiction over the matter and, therefore, ordered Belssner to show cause why this case should not be dismissed for lack of subject matter jurisdiction. [Dkt. 63].

Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006). There are two types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. The party asserting jurisdiction bears the burden of showing subject matter jurisdiction exists. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Allegations of a pro se complaint are held to less standards than formal pleadings drafter by lawyers. *Haines v. Kerner*, 404 U.S. 519, (1972).

Belssner's Response to the OSC states that this Court has subject-matter jurisdiction over this case because it had subject-matter jurisdiction over a similar case in *Belssner v. Transunion LLC*. [Dkt. 66 at 5]. However, this does not sufficiently demonstrate that subject-matter jurisdiction exists in this case from the face of the complaint. There is no assertion of federal question or diversity jurisdiction, only a reference to an analogous case that was heard in the Court. This is insufficient to satisfy federal pleading standards and, therefore, Belssner has not met his burden to show that the Court has subject-matter jurisdiction over this case.

Thus, the Court finds that it cannot exercise subject-matter jurisdiction and the case is hereby **DISMISSED** without prejudice for lack of subject-matter jurisdiction.[1]

**IT IS SO ORDERED.**

---

[1] If Plaintiff wishes to re-file his case, he must specifically allege the statutory violation upon which his claims are based in the complaint.